THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ULYSSES REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:03-CV-00162-B |
| | ) | WO |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION

Upon consideration of *Plaintiff's Motion For Attorney Fees*, *Memorandum of Law in Support*, and *Declaration of Schedule of Hours*, filed July 13, 2005 (Docs. 31,32, 33) as well as *Defendant's Response* (Doc. 35, July 28, 2005), the court concludes that the motion should be granted in part and denied in part.

### I. BACKGROUND

On April 14, 2005, this court entered a *Final Judgment* (Docs. 29 and 30) reversing the decision of the Commissioner of Social Security ("Commissioner") and remanding this case, pursuant to sentence four of 42 U.S.C. §405(g), with instructions to award benefits. The Commissioner does not claim substantial justification for its position in the underlying cause or the presence of any other special factor which militates against awarding fees. The plaintiff is, therefore, a prevailing party who is entitled to an award of attorney's fees and expenses. 28 U.S.C. § 2412(d)(1)(A). Plaintiff timely filed the pending motion for attorney's fees.

Pursuant to the Equal Access to Justice Act ("EAJA"), the Plaintiff seeks an award of

$3,697.05, to counsel of record, Georgia H. Ludlum, for 25.15 hours of legal services rendered between February 6, 2003 and July 12, 2005, at an hourly rate of $147.00. The Commissioner does not contest Plaintiff's entitlement to attorney fees but instead challenges the itemization of 13 entries "in minimum quarter-hour increments to review routine motions and orders"

"These requests," the Commissioner contends, "are excessive given the routine nature of these orders. (citation omitted). Many of these entries also include time to perform clerical tasks. Unfortunately, the hours are aggregated, and Defendant was unable to separate the time spent on each task."[1] Accordingly, the Commissioner asks that the court "make an independent evaluation of the reasonableness of counsel's bill."[2]

## II.  DISCUSSION

### A.  Applicable Law

Attorney's fees under the EAJA are awarded under the lodestar method – that is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Frazier v. Sullivan*, 768 F.Supp. 1511, 1518 (M.D. Ala. 1991). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Id., citing Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). As the Eleventh Circuit explained in *American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999):

---

[1]*Def.'s Response* at 2.

[2]*Def.'s Response* at 1.

2

> [The fee applicant's ] burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." (citations omitted).

The fee applicant must exercise "billing judgment" and exclude hours that are excessive, redundant or otherwise unnecessary. *Norman*, 836 F. 2d at 1301; s*ee also ACLU of Georgia v. Barnes*, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise necessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

### B.     Analysis

The Commissioner does not object to Plaintiff's requested hourly rate, which reflects an hourly increase of $22.00 from the $125.00 hourly rate stipulated in the EAJA, and the court finds reasonable the requested rate.[3]   Upon analysis, the court finds well-taken all but two of the Commissioner's objections that Plaintiff claims excessive hours.

The hours in controversy reflect the attorney's time in reviewing an order or a pleading which is standard or routine in social security litigation, and neither the content nor the length warrants fifteen minutes for review, especially for an experienced social security litigator like

---

[3] Plaintiff has documented satisfactorily increases in the consumer price index which authorize the requested increase as an adjustment for inflation.

Plaintiff's counsel. Accordingly, the court exercises its discretion to reduce the attorney's time claimed for each of the following "review" entries from .25 hours to .10 hours, for a total reduction of two hours and five minutes (1.65 hours).

| *Date* | *Description* | *[length of pleading]* |
|---|---|---|
| 02/15/03 | Receipt & Review Judge's Scheduling Order | [standard 5 page] |
| 05/20/03 | Defendant's Motion to Remand | [2 pages] |
| 05/22/03 | Judge's Order | [standard 1 page] |
| 06/10/03 | Order Granting Motion to Remand | [3 sentences] |
| 07/05/04 | Defendant's Motion to Reopen Case | [1 page] |
| 07/19/04 | Order granting Motion to Reopen | [2 sentences] |
| 09/28/04 | Defendant's Motion for Extension of Time | [1 page] |
| 09/29/04 | Judge's Order granting Motion for Extension | [standard 1 page] |
| 10/21/04 | Defendant's Motion for Leave | [3 sentences] |
| 10/22/04 | Judge's Order granting Motion for Leave for excess pages. | [1 page] |
| 11/11/04 | Judge's Order Granting Plaintiff's Motion | [1 page] |

The court does not concur with the Commissioner regarding the excessiveness of the .25 hours claimed for reviewing the Answer on July 5, 2004 and the Judge's Judgment and Order on April 15, 2005. Accordingly, no reduction is ordered for these entries.

In addition to the services cited by the Commissioner, the court finds excessive the .40 hours claimed by Plaintiff for preparation of a two-sentence motion to file a reply brief on November 7, 2004; the billing is reduced to .25 hours, thereby reducing the total by .15 hours. Similarly excessive is the total of .25 hours claimed for preparation of the standard Consent to Magistrate

Judge form on April 12, 2005; only .10 hours will be allowed for this service, another reduction of .15 hours in the total claim. In sum, the court finds excessive a total of 1.95 hours [1.65 + .15 +.15] and deducts this total from the 25.15 hours itemized to reduce compensable time to 23.20 hours; calculated at Plaintiff's undisputed, reasonably hourly rate of $147.00, the appropriate fee award to Plaintiff is $3,410.40.

### III.  CONCLUSION

Consistent with these findings, it is the **ORDER, JUDGMENT, and DECREE** of this court that *Plaintiff's Motion For Attorney Fees* (Doc. 31) is **GRANTED** only to the extent that Plaintiff shall be awarded attorney fees under the Equal Access to Justice Act in the total sum of $3,410.40, for 23.20 hours of legal representation rendered by Plaintiff's counsel, Georgia H. Ludlum. Accordingly, a **JUDGMENT** for  **$3,410.40 as attorney fees** is hereby awarded against the Commissioner and for the  Plaintiff, for payment to his counsel.

Done this 9th day of August, 2005.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE